**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ORIENT OVERSEAS CONTAINER LINE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> BNSF RAILWAY COMPANY and BURLINGTON NORTHERN SANTA FE, LLC, <br><br> Defendants. | Case No. <br><br> Judge <br><br> Magistrate Judge |

## COMPLAINT

Plaintiff Orient Overseas Container Line, Ltd. ("OOCL"), by counsel, for its Complaint against BNSF Railway Company ("BNSF Railway") and Burlington Northern Santa Fe, LLC ("BNSF Corporate") (collectively, "BNSF" or "Defendants"), alleges as follows:

## THE INCIDENT

1.  In or around May 2021, a container holding assorted power equipment consigned to American Honda Motor Co., Inc. (the "Cargo") was pilfered while *en route* from Los Angeles, California to Joliet, Illinois (the "Incident"). At the time of the Incident, the cargo was in BNSF Railway's care and custody pursuant to an intermodal bill of lading issued by OOCL for carriage from a port in Laem Chabang, Thailand to Joliet, Illinois.

2.  The ultimate consignee of the Cargo was American Honda Motor Co., Inc. ("Honda"). In due course, Asian Honda Motor Co., Ltd. (Honda's Asia affiliate) filed a claim with its cargo underwriter, Mitsui Sumitomo Marine Management (U.S.A.), Inc. ("Mitsui").

3. With Mitsui's knowledge, Honda also lodged a claim with OOCL for lost Cargo. OOCL duly tendered Honda's claim to BNSF, but BNSF has denied that claim.

4. OOCL brings this action against BNSF to recover costs and losses incurred as a result of the Incident, as well as amounts owed and owing, if any, to Honda and/or Mitsui for the Cargo shipped pursuant to the OOCL bill of lading and allegedly lost or damaged as a result of the Incident.

## PARTIES

5. Plaintiff OOCL was and is a foreign corporation organized and existing under the laws of Hong Kong with its principal place of business located at 31/F, Harbour Centre 25 Harbour Road, Wanchai Hong Kong. OOCL is engaged in business as a common carrier of merchandise by water for hire.

6. Defendant BNSF Railway was and is a corporation organized and existing under the laws of the state of Delaware, with a main office located at 2650 Lou Menk Drive, Fort Worth, Texas, 76131-2830, and is primarily engaged in the freight-rail-transportation business as a common carrier of goods by rail for hire, with an agent for service of process in this District.

7. Defendant BNSF Corporate was and is a corporation organized and existing under the laws of the state of Delaware, with an office located at 2650 Lou Menk Drive, Fort Worth, Texas, 76131-2830, and is primarily engaged in the freight-rail-transportation business as a common carrier of goods by rail for hire.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332, because this action is between citizens of a state and citizens or subjects of a foreign

state and involves an amount in controversy exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

9. This Court also has jurisdiction over the subject matter of this action because OOCL's claims arise under federal law, and the transportation of the property at issue constitutes transportation in interstate commerce under 49 U.S.C. § 13102(14) and (23), as well as 49 U.S.C. § 13501(1). Thus, this action arises under the Court's federal-question jurisdiction (28 U.S.C. § 1331 and 49 U.S.C. § 14706) and/or supplemental jurisdiction (28 U.S.C. § 1367).

10. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, since this case is governed, in part, by the Carmack Amendment to the Interstate Commerce Act 49 U.S.C. § 14706 (the "Carmack Amendment") because it concerns goods lost or damaged by a rail carrier during the interstate shipment of goods. Alternatively, this case is also governed, in whole or in part, by the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 *note*, formerly 46 U.S.C. § 1300 *et seq*. ("COGSA").

11. Venue is proper in the United States District Court for the Northern District of Illinois because BNSF's Intermodal Rules and Policies, effective as of July 1, 2008, located at http://www.bnsf.com/bnsf-resources/pdf/ship-with-bnsf/intermodal/intermodal-r-and-pg.pdf, makes this Court a forum for disputes arising thereunder. Item 28.6 of BNSF's Intermodal Rules and Polices states:

> All loss or damage suits filed against BNSF shall be filed in a United States Federal District Court in the location of the shipment's origination or termination on BNSF.

12. As more fully set forth below, the subject shipment of this action terminated on BNSF in this District.

13. Venue is also proper in this jurisdiction under 28 U.S.C. § 1391 and 49 U.S.C. 11706(d)(2). BNSF operates, controls, leases, or owns a railroad or a route within this District and therefore resides within this District within the meaning of 28 U.S.C. § 1391(c).

## FACTS

14. Container CBHU6414437 (the "Container") holding the Cargo was loaded onto motor vessel APL SENTOSA 0TUGFE1MA in Laem Chabang, Thailand on or about March 10, 2021, bound for Los Angeles, California. On April 12, 2021, the Container was discharged from the vessel in Los Angeles and delivered into BNSF's care and custody in good order and condition.

15. The Container and the Cargo were shipped pursuant to an intermodal bill of lading issued by OOCL.

16. Pursuant to the intermodal bill of lading, OOCL undertook to transport (or arrange for transportation of) the Container and the Cargo from Laem Chabang, Thailand to the discharge port in Los Angeles, California, then to a certain place of delivery in the United States (namely, Joliet, Illinois).

17. BNSF accepted the Container and the Cargo, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, BNSF agreed to transport and carry said Container and the Cargo from Los Angeles to Joliet, there to be delivered in like good order and condition.

18. When the Container was delivered to Honda on or about May 15, 2021, it was discovered that the original seal on the Container had been broken and its contents (the Cargo) pilfered.

19. Upon Honda's subsequent inspection of the Container and the Cargo, the missing items of the Cargo were noted by Honda's representatives.

20. As a result of the Incident, BNSF failed to make delivery of some of the Cargo and/or failed to make delivery of some of the Cargo in like good order and condition.

21. BNSF's failure to deliver the Cargo and/or failure to deliver the Cargo in like good order and condition are violations of the obligations and duties of common carriers of merchandise by rail for hire, including BNSF's failure to perform services with respect to the Container and the Cargo in a careful, workmanlike matter; its failure and/or negligence to properly inspect, supervise, and safeguard the Container and the Cargo; and its failure to hire and train employees.

22. OOCL, as the bill of lading issuer for the Container and the Cargo, has incurred, and will continue to incur, losses as a result of the damage and/or loss to the Cargo.

23. As noted above, as a result of the Incident, Honda has asserted a claim against OOCL for lost cargo.

24. OOCL brings this action on its own behalf and as an agent, trustee, assignee, or subrogee, on behalf of, and for, the interest of all parties interested in and damaged because of the Incident and damage and/or loss to the Cargo, including but not limited to Honda, as their respective interests may ultimately appear, and OOCL is duly entitled to maintain this action.

25. OOCL has performed all conditions on its part to be performed.

26. By reason of the foregoing, OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo.

27. Following notification of the Incident, OOCL filed a claim with BNSF on its own behalf and on behalf (and for the interest) of all parties interested in the Cargo. However, on or about August 3, 2021, BNSF declined OOCL's claim.

28. BNSF has not paid any portion of this claim to date. Consequently, OOCL is entitled to recover damages from BNSF in an amount to be proven at trial plus interest and costs.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

29. OOCL incorporates paragraphs 1 - 28 as though fully set forth herein.

30. OOCL and BNSF entered into a transportation contract, pursuant to which BNSF agreed to transport and deliver the Container and the Cargo in the same good order and condition in which it received them.

31. Relevant aspects of the transportation contract's terms are set forth in BNSF's Intermodal Rules and Policies, which can be found at http://www.bnsf.com/bnsf-resources/pdf/ship-with-bnsf/intermodal/intermodal-r-and-pg.pdf.

32. Pursuant to the transportation contract, BNSF had a duty to exercise reasonable care when in the possession the Container and to deliver it (and the Cargo) in the same good order and condition as received.

33. BNSF took possession and control of the Container and the Cargo in good order and condition at its terminal in Los Angeles, California.

34. BNSF breached the transportation contract by failing to deliver the Container and Cargo at Joliet in the same good order and condition as received.

35. By reason of the foregoing, OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo in an amount to be proven at trial plus interest and costs.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT AND DUTIES UNDER CARMACK AMENDMENT AND STAGGERS RAIL ACT

36. OOCL incorporates paragraphs 1 - 35 as though fully set forth herein.

37. BNSF was, at all relevant times, a rail carrier within the meaning of the Carmack Amendment, 49 U.S.C. § 11706, *et seq.*, and 49 U.S.C. § 14706, and the Staggers Rail Act of 1980.

38. BNSF breached its duty of a rail carrier and the contracts of carriage by failing to deliver the Cargo in the same good order and condition as received.

39. By reason of the foregoing, OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo in an amount to be proven at trial plus interest and costs.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

40. OOCL incorporates paragraphs 1 - 39 as though fully set forth herein.

41. BNSF, directly or through its employees, agents, or independent contractors, as a common carrier of merchandise for hire, had a duty to properly stow, handle, care, and transport the Container and the Cargo from Los Angeles, California to the place of delivery.

42. BNSF failed to carry and deliver the Container and the Cargo such as was reasonably required and would have been sufficient to prevent the loss or damage to the Cargo.

43. In causing or allowing the Incident to occur and the resultant damage to the Cargo, BNSF breached its duty of reasonable care.

44. By reason of the foregoing, OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo in an amount to be proven at trial plus interest and costs.

## FOURTH CAUSE OF ACTION

### BAILMENT

45. OOCL incorporates paragraphs 1 – 44 as though fully set forth herein.

46. BNSF at all relevant times acted as a carrier of goods for hire by rail and/or a bailee and/or otherwise had a duty of care for the Cargo while the same was in its custody.

47. The Cargo was personal property delivered into the possession, custody, and control of BNSF, whereby a bailment arose.

48. BNSF, through its contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Cargo in the same condition as when it was entrusted to BNSF.

49. While the Cargo was in BNSF's possession, the Cargo was damaged and/or lost because of the Incident caused by BNSF's action or inaction.

50. BNSF breached its obligations as a carrier of goods for hire by rail and/or a bailee and failed to deliver the Cargo in as complete or as good a condition as when the same was entrusted to BNSF.

51. By reason of the foregoing, OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo in an amount to be proven at trial plus interest and costs.

## FIFTH CAUSE OF ACTION

### CONTRIBUTION & INDEMNITY

52. OOCL incorporates paragraphs 1 - 51 as though fully set forth herein.

53. OOCL performed all conditions on its part to be performed under the intermodal bill of lading.

54. Any damage to the Cargo as alleged by Honda flows directly from the acts and/or omissions of BNSF.

55. If OOCL is found to be liable to the shippers, consignees, underwriters, or other parties with interests in the Cargo, including but not limited to Honda, OOCL shall be entitled to recover from BNSF, in contribution or indemnity, all losses, damages, or expenses, including attorneys' fees, to the extent recoverable by statute or common law, as a result of the claims made by Honda (and others with an interest in the Cargo) against OOCL.

## ALTERNATIVE SIXTH CAUSE OF ACTION

### BREACH OF CONTRACT AND DUTIES UNDER COGSA

56. OOCL incorporates paragraphs 1 - 55 as though fully set forth herein, except to the extent they are mutually exclusive of this alternative sixth cause of action.

57. BNSF was a common carrier of merchandise within the meaning of COGSA for carriage of goods by sea. As a common carrier of merchandise, BNSF had a duty to exercise reasonable care while the Cargo was in its possession and control.

58. BNSF breached its duties as a carrier under COGSA when the Cargo was lost or damaged as a result of the Incident.

59. By reason of the foregoing, OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo in an amount to be proven at trial plus interest and costs.

## **REQUESTED RELIEF**

**WHEREFORE**, Plaintiff Orient Overseas Container Line, Ltd. prays:

1. That judgment may be entered in favor of OOCL against Defendants BNSF Railway and Burlington Northern Santa Fe, LLC in an amount to be proven at trial (but no less than the amount, if any, recovered by Honda and/or Mitsui against OOCL), together with interest and costs, and the disbursements of this action;

2. For attorneys' fees as permitted by statute and common law; and,

3. That this Court grant Plaintiff such other and further relief as may be just and proper.

DATED: May 2, 2022                                   Respectfully submitted,

/s/ Trevor Illes
Trevor Illes (6313097)
BENESCH, FRIEDLANDER, COPLAN
   & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
Facsimile: 312.767.9192 (fax)
tilles@beneschlaw.com

*Attorneys for Plaintiff Orient Overseas Container Line, Ltd.*